Kich, Judge,
dissenting.
The majority decision is, in my opinion, wrong since it fails to follow the reasoning of the unanimous opinion in In re Laverne, 53 CCPA 1158, 356 F.2d 1003,148 USPQ 674 (1966), while acknowledging it as a viable precedent.
*931 The references here are not half as good as was the single reference in Laverne. The majority opinion makes it perfectly clear by illustrations how far afield the references here are, when applying a test of whether a claimed desgin looks Wee a prior art design to the ordinary intelligent man, the test we there found appropriate, under 35 USC 103, in design cases. Schilling’s Fig. 2 compared with Harrison’s Fig. 2, both reproduced in the opinion, speak louder than a thousand words. There is no resemblance in overall, design-as-a-whole appearance. Similarly, applicant’s tumbler looks no more like the “Plastics” tea or coffee cup than most old-fashioned glasses (in the contemporary beverage sense) look like most coffee cups. They look no more alike than a dachshund looks like a spaniel — though both are dogs and have heads, tails, four feet, fur, and facial features, as well as certain similar lines.
What the examiner here was doing was hindsight redesigning, or new designing, to reconstruct Schilling’s design out of elements he could find in prior art objects, after analyzing appellant’s design. The board did likewise. If this is a permissible ground of rejection, then we had better forget about trying to make design patents work as an incentive to new design, as the statute intended, and get on with the enactment of a better law.[1] But while we have the design patent law we should try to make it serve its intended purpose, a purpose Congress has had in mind since it first legislated on designs in 1842.
The Garbo case, cited in the board’s opinion and by the majority, has no relevance here, as can be seen from the paragraph quoted therefrom by the majority. The opinion went off on fwnctionality as well as obviousness. There was nothing “ornamental” about the so-called design in that case, though we found that issue was not before us. It was an arrangement of driver training units and a cinema screen and projector in a trailer, a functionally obvious arrangement.
There was no particular need for appellant here to present us with any “detailed analysis of the differences between the claimed design and the design of the references.” They are more apparent from mere observation — and much more striking — than were the differences in Láveme. The trouble here is that the design has been talked to death. Apparently no one is willing to contemplate them. But ornamental designs are entirely a matter of appearance and cannot be verbalized. I fail to see how more verbalization by the appellant could have furthered his cause.
I find here, beyond question, even more clearly than in Laverne, the “distinctly different appearance” we there referred to. I agree with In *932 re Lamb but find the majority lias disregarded the “appearance as a whole which must be considered.” The Lamb case was distinguished in Laverne where it was pointed out that the same design was involved as was shown in the reference, merely modified. It was a design for a knife handle having finger-grip depressions. The application showed it for a steak knife. The reference was Lamb’s own patent on the same generic handle design for a carving knife, which he had merely scaled down. The case has no relevance as a precedent. The quotation from its opinion is definitely out of context.
See the analysis of Laverne in IDEA, Vol. 13, No. 2 (Fall 1969), p. 495.
I would reverse.

 See “Report of the President’s Patent Commission” (1966), Recommendation IV-1, “All provisions in the patent statute for design patents shal be deleted, and another form of protection provided.”